# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KRISTY THORNTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-CV-2180 CAS |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court pursuant to the Report and Recommendation of United States Magistrate Judge David D. Noce, filed January 29, 2013. See 28 U.S.C. § 636(b). The Magistrate Judge recommended that the decision of the Commissioner denying plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act be affirmed. Plaintiff has filed objections to the Report and Recommendation.

The Court concurs in the Magistrate Judge's detailed statement of the facts in this case, and will not repeat those facts here. Plaintiff's objections to the Report and Recommendation are that (1) the ALJ's decision is not supported by substantial evidence and the Magistrate Judge did not conclude that the ALJ's decision was supported by substantial evidence; and (2) the ALJ's decision is inconsistent in its evaluation of the medical opinions of record, and the Magistrate Judge did not address these inconsistencies. For the reasons stated below, the Court concurs with the recommendation of the Magistrate Judge and finds plaintiff's objections without merit.

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this case.

The ALJ's Decision Is Supported by Substantial Evidence.

Plaintiff objects that the Report and Recommendation does not address whether the ALJ's RFC finding is supported by substantial evidence. The Court finds this objection to be without merit.

The Magistrate Judge accurately discussed the legal principles applicable to judicial review of the Commissioner's final decision. This discussion includes several references to the Court's duty to determine whether the Commissioner's findings comply with the relevant legal requirements and are supported by substantial evidence in the record as a whole. The Magistrate Judge accurately recited the substantial evidence standard, and specifically stated that the ALJ's determination of RFC "must be supported by substantial evidence in the record." (Report & Recommendation at 11). The Report and Recommendation next discusses the medical facts and non-medical evidence in the record, and concludes that the ALJ's decision, taken as a whole, particularly the narrative discussion, complies with SSR 96-8p and agency regulations and included a discussion of the specific medical facts and non-medical evidence supporting the ALJ's RFC determination.

In support of her argument that the ALJ's decision is not supported by substantial evidence, plaintiff states that (1) the ALJ did not address plaintiff's limited ability to concentrate, and (2) the Magistrate Judge did not address Dr. Winfrey's testimony that plaintiff had marked difficulty with concentration. First, the ALJ included in his findings that Dr. Winfrey found that plaintiff had marked difficulties in concentration without medication, but moderate limitations with medication. (Tr. at 5). This finding is supported in the record, although the hearing transcript of Dr. Winfrey's testimony is inaudible in part. See Tr. at 50-51. The transcript reflects that Dr. Winfrey testified that plaintiff's difficulty concentrating was significant. Tr. at 51. The transcript is not so inaudible

as to prevent a fair review of plaintiff's claims. See Williams v. Barnhart, 289 F.3d 556, 557-58 (8th Cir. 2002).

Plaintiff also states that the Magistrate Judge did not address Dr. Winfrey's assessment of plaintiff's "marked difficulty with concentration." Although the Magistrate Judge does not specifically address Dr. Winfrey's testimony regarding plaintiff's concentration, the Magistrate Judge addressed Dr. Asher's assessment on December 14, 2009 that plaintiff had marked limitation in concentration; Dr. Asher's assessment on March 9, 2011 that plaintiff had moderate limitation in concentration; and Dr. Morgan's assessment that plaintiff had moderate limitation in concentration. (Report & Recommendation at 2-4). The Magistrate Judge reviewed the entire record, and as evidenced by the thorough Report and Recommendation, he noted and considered plaintiff's limitations of concentration.

Technically, plaintiff is correct that the Magistrate Judge did not state verbatim at the end of the discussion that the ALJ's determination of plaintiff's RFC is supported by "substantial evidence." However, in his discussion of the RFC, the Magistrate Judge accurately defined the substantial evidence standard; discussed the ALJ's findings regarding the medical record evidence and other evidence in support of his RFC determination; and found that the evidence in the record, taken as a whole, including the narrative and medical and non-medical evidence, supports the ALJ's RFC determination.

Applying the substantial evidence standard, as recited accurately by the Magistrate Judge, the Court concludes the record as a whole establishes that the ALJ's decision is supported by substantial evidence in the record. The Court concurs with the recommendation of the Magistrate Judge and finds plaintiff's objection concerning whether the ALJ's RFC finding is supported by substantial evidence is without merit.

### The ALJ's Decision Is Consistent in Its Evaluation of Medical Opinions.

Plaintiff also objects that the Report and Recommendation does not address the inconsistencies in the weight assigned to the medical opinions by the ALJ and the weight actually accorded to these opinions in the ALJ's decision.

The ALJ's decision states that the ALJ gave little weight to the mental medical source statements of Dr. Asher; significant weight to the credible hearing testimony and expert medical opinion of Dr. Winfrey; and consideration to the opinions of the state agency medical consultant, Dr. Morgan. Plaintiff complains that the significant weight given to Dr. Winfrey's opinion is not apparent in the RFC finding. The Court disagrees.

Dr. Winfrey testified at the hearing that plaintiff had bipolar disorder that imposed moderate restriction with her daily activities; marked difficulties maintaining social function without medication, but moderate limitations with medication; and at least significant difficulty concentrating. The ALJ afforded this testimony significant weight, and found that plaintiff's bipolar disorder imposes mild restriction of activities of daily living and moderate difficulties maintaining social functioning and concentration, persistence, or pace. Also the ALJ found plaintiff's mental impairment imposes moderate symptoms and limitations with her capacity to understand, remember, and carry out detailed instructions, maintain attention and concentration, and respond appropriately to people. While this assessment might also mirror the assessment of Dr. Morgan, which the ALJ considered, it also reflects the significant weight assigned to Dr. Winfrey's opinion.

The Court has reviewed the record and finds that the weight assigned by the ALJ to the medical opinions of record are not inconsistent with the weight actually accorded these opinions in the ALJ's decision. The Court finds the weight given by the ALJ to the medical opinions of record are supported by substantial evidence.

Conclusion

After de novo review of the matter, the Court concurs with the recommendation of the Magistrate Judge for the reasons set forth in the thorough Report and Recommendation. The ALJ's decision is conclusive on this Court if it is supported by "substantial evidence." Onstead v. Sullivan, 962 F.2d 803, 804 (8th Cir. 1992). Substantial evidence is "something less than the weight of the evidence." Bland v. Bowen, 861 F.2d 533, 535 (8th Cir. 1988). Applying this deferential standard, the Court concludes the record as a whole establishes that the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge is **sustained, adopted** and **incorporated** herein. [Doc. 27]

**IT IS FURTHER ORDERED** that the decision of the Commissioner denying plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 401, et seq., is **AFFIRMED**.

An appropriate judgment will accompany this order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  29th  day of March, 2013.